IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Case No. 4:18-cv-00672-ALM |
| | § | |
| HUAWEI DEVICE USA, INC., HUAWEI | § | |
| DEVICE (DONGGUAN) CO., LTD., AND | § | |
| HUAWEI DEVICE CO., LTD., | § | |
| | § | |
| *Defendants*. | | |

## HUAWEI'S ORIGINAL ANSWER AND COUNTERCLAIMS
## TO AMERICAN PATENTS' COMPLAINT

Defendants Huawei Device USA, Inc., Huawei Device (Shenzhen) Co., Ltd., and Huawei Device Co., Ltd. (collectively, "Huawei") file their Original Answer, Affirmative Defenses, and Counterclaims to the claims made in the Complaint (hereafter "Original Complaint") for patent infringement filed by Plaintiff American Patents LLC (hereinafter "American Patents" or "Plaintiff") and dated September 24, 2018. To the extent any allegations in the Original Complaint are not specifically admitted, Huawei denies them.

## ANSWER

Huawei responds to the allegations in each of the corresponding numbered paragraphs of the Original Complaint below. To the extent that Plaintiff's introductory paragraph or the headings of  the Original Complaint are construed as allegations, they are each denied.

## PARTIES

1.      Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Original Complaint and therefore denies the same.

2.     Huawei admits that Defendant Huawei Device USA, Inc. is a corporation duly organized and existing under the laws of Texas, with a place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024 as alleged in paragraph 2 of the Original Complaint.

3.     Huawei admits that Defendant Huawei Device (Dongguan) Co., Ltd. (now Huawei Device Co., Ltd.) is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at B2-5 of Nanfang Factory, No. 2 of Xincheng Road, Songshan Lake Science and Technology Industrial Zone, Dongguan, Guangdong, 523000, People's Republic of China as alleged in paragraph 3 of the Original Complaint.

4.     Huawei admits that Defendant Huawei Device Co., Ltd. (now Huawei Device (Shenzhen) Co., Ltd.) is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at Building 2, Section B Huawei Industrial Base, Bantian, Longgang District, Shenzhen 518129, People's Republic of China as alleged in paragraph 4 of the Original Complaint.

5.     Huawei denies the allegations in paragraph 5 of the Original Complaint.

6.     Huawei admits Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions.  Huawei admits that the three Huawei Defendants are affiliated.  Huawei denies the remaining allegations in paragraph 6 of the Original Complaint.

7.     Huawei denies the allegations in paragraph 7 of the Original Complaint.

8.     Huawei denies the allegations in paragraph 8 of the Original Complaint.

## JURISDICTION AND VENUE

9.      Huawei admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code. Huawei further admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court. Huawei expressly denies that it has committed any acts of infringement in this or any other state.

10.     Huawei admits that the Court has personal jurisdiction over Huawei Device USA, Inc.  For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, jurisdiction in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarily consent to—the Court's jurisdiction over them for purposes of this civil action.  Huawei denies that it has committed or continues to commit acts of patent infringement in Texas or in any other state.  Huawei admits that Huawei Device USA, Inc. is registered to do business in Texas and has done business in Texas. Huawei denies the remaining allegations in paragraph 10 of the Original Complaint.

11.     Huawei admits that Defendant Huawei Device USA, Inc. resides in the District because it is incorporated in Texas and has its principal place of business in the District, and that it has a regular and established place of business in this district at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.  Huawei further admits that venue in this district for this case is proper as to Defendant Huawei Device USA, Inc.  For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, venue in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarily consent to—venue for purposes of this civil action. Huawei denies the remaining allegations in paragraph 11 of the Original Complaint.

12.     For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, venue in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarily consent to—venue for purposes of this civil action,  and that Defendants Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd.  are organized under the laws of China.

## BACKGROUND

13.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Original Complaint and therefore denies the same.

14.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Original Complaint and therefore denies the same.

15.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Original Complaint and therefore denies the same.

16.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Original Complaint and therefore denies the same.

## COUNT I
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,088,782

17.     Huawei admits that, on its face, U.S. Patent No. 7,088,782 ("the '782 patent") is titled "Time and Frequency Synchronization in Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of August 8, 2006. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Original Complaint and therefore denies the same.

18.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Original Complaint and therefore denies them.

19.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions that include 802.11n and/or LTE capabilities.  Huawei denies that Huawei sold or imported into the United States the P10.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Original Complaint and therefore denies the same.

20.     Huawei denies the allegations in paragraph 20 of the Original Complaint.

21.     Huawei denies the allegations in paragraph 21 of the Original Complaint.

22.     Huawei denies the allegations in paragraph 22 of the Original Complaint.

23.     Huawei denies the allegations in paragraph 23 of the Original Complaint.

24.     Huawei denies the allegations in paragraph 24 of the Original Complaint.

25.     Huawei denies the allegations in paragraph 25 of the Original Complaint.

26.     Huawei denies the allegations in paragraph 26 of the Original Complaint.

27.     Huawei denies the allegations in paragraph 27 of the Original Complaint.

28.     Huawei admits that it received notice of the '304 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. Huawei denies the remaining allegations in paragraph 28 of the Original Complaint.

29.     Huawei denies the allegations in paragraph 29 of the Original Complaint.

30.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Original Complaint and therefore denies the same.

## COUNT II
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,310,304

31.     Huawei admits that, on its face, U.S. Patent No. 7,310,304 ("the '304 patent") is titled "Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems," and identifies   an issue date of December 18, 2007.  Huawei is without knowledge or information sufficient to form   a belief as to the truth of the remaining allegations of paragraph 31 of the Original Complaint and  therefore denies the same.

32.     Huawei is without knowledge or information sufficient to form a belief as to the truth  of the allegations of paragraph 32 of the Original Complaint and therefore denies the same.

33.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions that include 802.11n and/or LTE capabilities.  Huawei denies that Huawei sold or imported into the United States the P10.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Original Complaint and therefore denies the same.

34.     Huawei denies the allegations in paragraph 34 of the Original Complaint.

35.     Huawei denies the allegations in paragraph 35 of the Original Complaint.

36.     Huawei denies the allegations in paragraph 36 of the Original Complaint.

37.     Huawei denies the allegations in paragraph 37 of the Original Complaint.

38.     Huawei denies the allegations in paragraph 38 of the Original Complaint.

39.     Huawei denies the allegations in paragraph 39 of the Original Complaint.

40.     Huawei admits that it received notice of the '304 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. Huawei denies the remaining allegations in paragraph 40 of the Original Complaint.

41.     Huawei denies the allegations in paragraph 41 of the Original Complaint.

42.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Original Complaint and therefore denies the same.

## COUNT III
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,706,458

43.     Huawei admits that, on its face, U.S. Patent No. 7,706,458 ("the '458 patent") is titled "Time And Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of April 27, 2010. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 of the Original Complaint and therefore denies the same.

44.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Original Complaint and therefore denies the same.

45.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions that

include 802.11n and/or LTE capabilities.  Huawei denies that Huawei sold or imported into the United States the P10.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the Original Complaint and therefore denies the same.

46.     Huawei denies the allegations in paragraph 46 of the Original Complaint.

47.     Huawei denies the allegations in paragraph 47 of the Original Complaint.

48.     Huawei denies the allegations in paragraph 48 of the Original Complaint.

49.     Huawei denies the allegations in paragraph 49 of the Original Complaint.

50.     Huawei denies the allegations in paragraph 50 of the Original Complaint.

51.     Huawei denies the allegations in paragraph 51 of the Original Complaint.

52.     Huawei admits that the '458 Patent was cited by the examiner in an office action on or about September 27, 2013, during the prosecution of U.S. Patent No. 8,867,636, which was assigned to Huawei Technologies Co., Ltd., and that Branislav Popovic is listed as an inventor on U.S. Patent No. 8,867,636. Huawei denies the remaining allegations  in paragraph 52 of the Original Complaint.

53.     Huawei denies the allegations in paragraph 53 of the Original Complaint.

54.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Original Complaint and therefore denies the same.

## COUNT IV

## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,373,655

55.     Huawei admits that, on its face, U.S. Patent No. 7,373,655 ("the '655 patent") is titled "System for Securing Inbound and Outbound Data Packet Flow in a Computer Network," and  identifies an issue date of May 13, 2008. Huawei is without knowledge or information sufficient to  form a belief as to the truth of the remaining allegations of paragraph 55 of the Original Complaint  and therefore denies the same.

56.     Huawei is without knowledge or information sufficient to form a belief as to the truth  of the allegations of paragraph 56 of the Original Complaint and therefore denies the same.

57.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Original Complaint and therefore denies the same.

58.     Huawei denies the allegations in paragraph 58 of the Original Complaint.

59.     Huawei denies the allegations in paragraph 59 of the Original Complaint.

60.     Huawei denies the allegations in paragraph 60 of the Original Complaint.

61.     Huawei denies the allegations in paragraph 61 of the Original Complaint.

62.     Huawei denies the allegations in paragraph 62 of the Original Complaint.

63.     Huawei denies the allegations in paragraph 63 of the Original Complaint.

64.     Huawei admits that it received notice of the '655 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. Huawei denies the remaining allegations in paragraph 64 of the Original Complaint.

65.     Huawei denies the allegations in paragraph 65 of the Original Complaint.

66.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Original Complaint and therefore denies the same.

## COUNT V
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,934,090

67.     Huawei admits that, on its face, U.S. Patent No. 7,934,090 ("the '090 patent") is titled "System for Securing Inbound and Outbound Data Packet Flow in a Computer Network," and identifies an issue date of April 26, 2011. Huawei is without knowledge or information sufficient to  form a belief as to the truth of the remaining allegations of paragraph 67 of the Original Complaint and therefore denies the same.

68.     Huawei is without knowledge or information sufficient to form a belief as to the truth  of the allegations of paragraph 68 of the Original Complaint and therefore denies the same.

69.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 of the Original Complaint and therefore denies the same.

70.     Huawei denies the allegations in paragraph 70 of the Original Complaint.

71.     Huawei denies the allegations in paragraph 71 of the Original Complaint.

72.     Huawei denies the allegations in paragraph 72 of the Original Complaint.

73.     Huawei denies the allegations in paragraph 73 of the Original Complaint.

74.     Huawei denies the allegations in paragraph 74 of the Original Complaint.

75.     Huawei admits that it received notice of the '090 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. Huawei denies the remaining allegations in paragraph 75 of the Original Complaint.

76.     Huawei denies the allegations in paragraph 76 of the Original Complaint.

77.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Original Complaint and therefore denies the same.

## COUNT VI
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,004,049

78.     Huawei admits that, on its face, U.S. Patent No. 6,004,049 ("the '049 patent") is titled "Method And Apparatus For Dynamic Configuration Of An Input Device," and identifies an issue date of December 21, 1999. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 of the Original Complaint and therefore denies the same.

79.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Original Complaint and therefore denies the same.

80.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 of the Original Complaint and therefore denies the same.

81.     Huawei denies the allegations in paragraph 81 of the Original Complaint.

82.     Huawei denies the allegations in paragraph 82 of the Original Complaint.

83.     Huawei denies the allegations in paragraph 83 of the Original Complaint.

84.     Huawei denies the allegations in paragraph 84 of the Original Complaint.

85.     Huawei denies the allegations in paragraph 85 of the Original Complaint.

86.     Huawei denies the allegations in paragraph 86 of the Original Complaint.

87.     Huawei denies the allegations in paragraph 87 of the Original Complaint.

88.     Huawei denies the allegations in paragraph 88 of the Original Complaint.

89.     Huawei denies the allegations in paragraph 89 of the Original Complaint.

90.     Huawei denies the allegations in paragraph 90 of the Original Complaint.

91.     Huawei admits that it received notice of the '049 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. Huawei denies the remaining allegations in paragraph 91 of the Original Complaint.

92.     Huawei denies the allegations in paragraph 92 of the Original Complaint.

93.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Original Complaint and therefore denies the same.

## COUNT VII
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,301,626

94.     Huawei admits that, on its face, U.S. Patent No. 6,301,626 ("the '626 patent") includes a title which includes, in part, "System For Dynamic Configuration Of An Input Device By Downloading An Input Device From Server If The Layout Is Not Already Displayed On The Input Device," and identifies an issue date of October 9, 2001.  Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 of the Original Complaint and therefore denies the same.

95.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Original Complaint and therefore denies the same.

96.     Huawei admits that Huawei Device USA, Inc. has imported, sold, and offered for sale in the United States some products identified in Plaintiff's infringement contentions.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. have made, used, sold, offered for sale, or imported into the United States any products identified in Plaintiff's infringement contentions. Huawei is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 96 of the Original Complaint and therefore denies the same.

97.     Huawei denies the allegations in paragraph 97 of the Original Complaint.

98.     Huawei denies the allegations in paragraph 98 of the Original Complaint.

99.     Huawei denies the allegations in paragraph 99 of the Original Complaint.

100.    Huawei denies the allegations in paragraph 100 of the Original Complaint.

101.    Huawei denies the allegations in paragraph 101 of the Original Complaint.

102.    Huawei denies the allegations in paragraph 102 of the Original Complaint.

103.    Huawei denies the allegations in paragraph 103 of the Original Complaint.

104.    Huawei denies the allegations in paragraph 104 of the Original Complaint.

105.    Huawei denies the allegations in paragraph 105 of the Original Complaint.

106.    Huawei denies the allegations in paragraph 106 of the Original Complaint.

107.    Huawei admits that it received notice of the '626 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. Huawei denies the remaining allegations in paragraph 107 of the Original Complaint.

108.    Huawei denies the allegations in paragraph 108 of the Original Complaint.

109.    Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Original Complaint and therefore denies the same.

### ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

110.    Huawei denies the allegations in paragraph 110 of the Original Complaint.

111.    Huawei denies the allegations in paragraph 111 of the Original Complaint.

112.    Huawei denies the allegations in paragraph 112 of the Original Complaint.

113.    Huawei denies the allegations in paragraph 113 of the Original Complaint.

114.    Huawei denies the allegations in paragraph 114 of the Original Complaint.

115.    Huawei denies the allegations in paragraph 115 of the Original Complaint.

116.    Huawei denies the allegations in paragraph 116 of the Original Complaint.

## **GENERAL DENIAL**

To the extent that any allegations of the Original Complaint have not been previously specifically admitted or denied, Huawei denies them.

## **PRAYER FOR RELIEF**

Huawei denies that Plaintiff is entitled to any of the relief sought in paragraphs a-f of its prayer for relief against Huawei Defendants, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice and that Plaintiff takes nothing.

## **DEFENSES**

Subject to the responses above, Huawei alleges and asserts the following defenses in response to the allegations. Huawei's investigation of its defenses is continuing, and Huawei expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure or the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.  Huawei undertakes the burden of proof only as to those defenses deemed affirmative defenses as a matter of law.

## **DEFENSE NO. 1**
## **(Noninfringement)**

117.    Huawei has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, or the '626 patent.

## DEFENSE NO. 2
### (Invalidity)

118.    One or more claims of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent are invalid for failing to satisfy one  or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEFENSE NO. 3
### (Prosecution History Estoppel)

119.    Huawei has not, and is not, infringing the claims of the '782 patent, the '304 patent,  the '458 patent, the '655 patent, the '090 patent, the '049 patent, or the '626 patent at least due to statements, representations, admissions, elections, positions, concessions and filings made to  the United States Patent and Trademark Office during the prosecution of the applications that  matured into the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent that, in part or collectively, constitute prosecution history estoppel barring Plaintiff from asserting that the claims of the patents encompass or are infringed by any product or activity of Huawei.

## DEFENSE NO. 4
### (Equitable Estoppel)

120.    Plaintiff's claims as to the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent are barred by the equitable doctrines of estoppel, including for example, patent misuse, waiver, laches and/or unclean hands.

## DEFENSE NO. 5
### (Limitation on Damages under 35 U.S.C. § 286)

121.    Damages based upon Plaintiff's allegations of infringement of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent are barred by 35 U.S.C. § 286 to the extent they seek any recovery for any alleged infringing acts that occurred more than six years before the filing of the Original Complaint.

## DEFENSE NO. 6
### (Limitation on Damages under 35 U.S.C. § 287)

122.    Plaintiff cannot seek damages for any activities prior to the filing of this action due to failure to provide notice to Huawei. Any claim for damages for patent infringement of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of the alleged infringement.

## DEFENSE NO. 7
### (License and Patent Exhaustion)

123.    Plaintiff's claims are barred, in whole or in part, to the extent that any allegedly infringing products are supplied, directly or indirectly to Huawei by an entity or entities having express or implied licenses to the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent and/or under the doctrine of patent exhaustion.

## DEFENSE NO. 8
### (Breach of FRAND Licensing Commitment)

124.    The relief sought by Plaintiff in connection with the '782 patent, the '304 patent, and/or the '458 patent is limited or barred, in whole or in part, to the extent that (1) the '782 patent,

the '304 patent, and/or the '458 patent were improperly left undeclared to ETSI by the BAE Systems member of ETSI in violation of ETSI's IPR Policy, and (2) such violation of the ETSI IPR Policy encumbers the '782 patent, the '304 patent, and/or the '458 patent with an obligation requiring successors-in-interest, including Plaintiff, to license such patents on fair, reasonable, and non-discriminatory ("FRAND") licensing terms, and (3) the alleged inventions described in and allegedly covered by the '782 patent, the '304 patent, and/or the '458 patent are used, manufactured, sold, offered for sale, or imported by or for Huawei. In particular, (i) the '782 patent, the '304 patent, and/or the '458 patent are unenforceable against Huawei on account of BAE Systems breach of its contractual commitment to declare the same to ETSI under ETSI's IPR Policy; (ii) the '782 patent, the '304 patent, and/or the '458 patent are unenforceable against Huawei on account of Plaintiff's failure to make any good faith attempt to negotiate with Huawei to offer Huawei a license on FRAND terms before seeking to enjoin or recover damages for such patents in the present suit; and (iii) in the alternative, Huawei has the irrevocable right to be licensed on FRAND terms under the '782 patent, the '304 patent, and/or the '458 patent.

## DEFENSE NO. 9
### (No Entitlement to Injunctive Relief)

125. Plaintiff is not entitled to any form of injunctive relief because one or more of the asserted patents are expired and/or because Plaintiff has not suffered, and will not suffer, irreparable harm because of Huawei's conduct, Plaintiff has an adequate remedy at law, and the balance of hardship and the public interest do not favor injunctive relief.

## DEFENSE NO. 10
### (Reservation of Additional Defenses)

126. Huawei reserves the right to plead any additional defenses that discovery may reveal.

## COUNTERCLAIMS

Counterclaimant Huawei asserts the following allegations and counterclaims against American Patents.  Huawei reserves the right to assert additional counterclaims, as warranted by facts  revealed through investigation and discovery.

## THE PARTIES

1.      Huawei Device USA, Inc. is a corporation duly organized and existing under the laws of Texas, with a place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024. Huawei Device USA.

2.      Huawei Device Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at B2-5 of Nanfang Factory, No. 2 of Xincheng Road, Songshan Lake Science and Technology Industrial Zone, Dongguan, Guangdong, 523000, People's Republic of China.

3.      Huawei Device (Shenzhen) Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at Building 2, Zone B Huawei Industrial Park, Bantian Longgang District, Shenzhen 518129, People's Republic of China.

4.      Upon information and belief, American Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas 75703.

## NATURE OF THE ACTION

5.      American Patents, by its Complaint, has asserted and continues to assert that Huawei  is infringing the claims of U.S. Patent No. 7,088,782 ("the '782 patent"), U.S. Patent No.

7,310,304 ("the '304 patent"), U.S. Patent No. 7,706,458 ("the '458 patent"), U.S. patent No. 7,373,655 ("the '655 patent"), U.S. Patent No. 7,934,090 ("the '090 patent"), U.S. Patent No. 6,004,049 ("the '049 patent"), and U.S. Patent No. 6,301,626 ("the '626 patent").

6.     Huawei, by its Answer, has asserted and continues to assert that it does not infringe any valid and enforceable claim of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and the '626 patent, and that some or all of the claims of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent are invalid. Accordingly, Huawei seeks: (i) a judicial declaration that Huawei does not infringe the '782 patent; (ii) a judicial declaration that the '782 patent is invalid; (iii) a judicial declaration that Huawei does not infringe the '304 patent; (iv) a judicial declaration that the '304 patent is invalid; (v) a judicial declaration that Huawei does not infringe the '458 patent; (vi) a judicial declaration that the '458 patent is invalid; (vii) a judicial declaration that Huawei does not infringe the '655 patent; (viii) a judicial declaration that the '655 patent is invalid; (ix) a judicial declaration that Huawei does not infringe the '090 patent; (x) a judicial declaration that the '090 patent is invalid; (xi) a judicial declaration that Huawei does not infringe the '049 patent; (xii) a judicial declaration that the '049 patent is invalid; (xiii) a judicial declaration that Huawei does not infringe the '626 patent; (xiv) a judicial declaration that the '626 patent is invalid; and (xv) and all other relief requested herein.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the following Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

8.      Venue is proper, over the following Counterclaim, in this district  pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as a result of American Patents commencing this action in this district.

## COUNTERCLAIM NO. 1
### (Declaratory Judgment of Non-Infringement)

9.      Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

10.      In its Original Complaint, American Patents alleges that Huawei infringes the '782 patent.

11.      Huawei alleges that it does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, one or more claims of the '782 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '782 patent.

12.      By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 2
### (Declaratory Judgment of Invalidity)

13.      Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

14.      Huawei alleges that one or more claims of the '782 patent are invalid for failure to comply  with the conditions of patentability specified in Title 35 of the United States Code, including without  limitation Sections 101, 102, 103 and 112 thereof.

15.     An actual controversy exists between the parties as to whether the claims of the '782 patent are invalid.

16.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 3
### (Declaratory Judgment of Non-Infringement)

17.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

18.     In its Original Complaint, American Patents alleges that Huawei infringes the '304 patent.

19.     Huawei alleges that it does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, one or more claims of the '304 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '304 patent.

20.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 4
### (Declaratory Judgment of Invalidity)

21.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

22.     Huawei alleges that one or more claims of the '304  patent are invalid for failure to comply  with  the  conditions  of  patentability  specified  in  Title  35  of  the  United  States  Code, including without limitation Sections 101, 102, 103 and 112 thereof.

23.     An actual controversy exists between the parties as to whether the claims of the '304 patent are invalid.

24.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 5
### (Declaratory Judgment of Non-Infringement)

25.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

26.     In its Original Complaint, American Patents alleges that Huawei infringes the '458 patent.

27.     Huawei  alleges  that  it  does  not  infringe,  contribute  to  the  infringement  of,  or actively  induce  others  to  infringe,  either  literally,  indirectly,  or  by  the  application  of  the doctrine of equivalents, one or more claims of the '458 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '458 patent.

28.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 6
### (Declaratory Judgment of Invalidity)

29.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

30.     Huawei alleges that one or more claims of the '458 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

31.     An actual controversy exists between the parties as to whether the claims of the '458 patent are invalid.

32.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 7
### (Declaratory Judgment of Non-Infringement)

33.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

34.     In its Original Complaint, American Patents alleges that Huawei infringes the '655 patent.

35.     Huawei alleges that it does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, one or more claims of the '655 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '655 patent.

36.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 8
### (Declaratory Judgment of Invalidity)

37.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

38.     Huawei alleges that one or more claims of the '655 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

39.     An actual controversy exists between the parties as to whether the claims of the '655 patent are invalid.

40.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 9
### (Declaratory Judgment of Non-Infringement)

41.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

42.     In its Original Complaint, American Patents alleges that Huawei infringes the '090 patent.

43.     Huawei alleges that it does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, one or more claims of the '090 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '090 patent.

44.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 10
### (Declaratory Judgment of Invalidity)

45.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

46.     Huawei alleges that one or more claims of the '090 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

47.     An actual controversy exists between the parties as to whether the claims of the '090 patent are invalid.

48.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 11
### (Declaratory Judgment of Non-Infringement)

49.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

50.     In its Original Complaint, American Patents alleges that Huawei infringes the '049 patent.

51.     Huawei alleges that it does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, one or more claims of the '049 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '049 patent.

52.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 12
### (Declaratory Judgment of Invalidity)

53.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

54.     Huawei alleges that one or more claims of the '049 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

55.     An actual controversy exists between the parties as to whether the claims of the '049 patent are invalid.

56.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 13
### (Declaratory Judgment of Non-Infringement)

57.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

58.     In its Original Complaint, American Patents alleges that Huawei infringes the '626 patent.

59.     Huawei alleges that it does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the

doctrine of equivalents, one or more claims of the '626 patent. Thus, there is a dispute between the parties concerning whether Huawei infringes the '626 patent.

60.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 14
### (Declaratory Judgment of Invalidity)

61.     Huawei incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

62.     Huawei alleges that one or more claims of the '626 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

63.     An actual controversy exists between the parties as to whether the claims of the '626 patent are invalid. By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## HUAWEI'S PRAYER FOR RELIEF

For these reasons, Huawei respectfully pray for the following relief:

A.     Enter judgment for Huawei on all causes of action brought in Plaintiff's Original Complaint;

B.     The Original Complaint be dismissed in its entirety with prejudice;

C.     Plaintiff be denied any of the relief prayed for in its Original Complaint or to any relief whatsoever.

D.    Judgment that Huawei does not infringe, directly or indirectly, the '782 patent and  that the '782 patent is invalid.

E.    Judgment that Huawei does not infringe, directly or indirectly, the '304 patent and that the '304 patent is invalid.

F.    Judgment that Huawei does not infringe, directly or indirectly, the '458 patent and that the '458 patent is invalid.

G.    Judgment that Huawei does not infringe, directly or indirectly, the '655 patent and that the '655 patent is invalid.

H.    Judgment that Huawei does not infringe, directly or indirectly, the '090 patent and that the '090 patent is invalid.

I.    Judgment that Huawei does not infringe, directly or indirectly, the '049 patent and that the '049 patent is invalid.

J.    Judgment that Huawei does not infringe, directly or indirectly, the '626 patent and that the '626 patent is invalid.

K.    Huawei be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to at least 35 U.S.C. § 285, and such other and further relief as the Court may deem just and proper.

## <u>HUAWEI'S DEMAND FOR JURY TRIAL</u>

Huawei requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by jury.

Dated:  May 31, 2019                          /s/ Scott W. Breedlove
                                              E. Leon Carter
                                              Texas Bar No. 03914300
                                              lcarter@carterarnett.com
                                              Scott W. Breedlove
                                              Texas Bar No. 00790361
                                              sbreedlove@carterarnett.com
                                              Laura Maninger
                                              Texas Bar No. 24106245
                                              lmaninger@carterarnett.com
                                              CARTER ARNETT, PLLC
                                              8150 N. Central Expressway, Suite 500
                                              Dallas, Texas 75206
                                              Telephone: No.: (214) 550-8188
                                              Facsimile No.: (214) 550-8185

                                              Krista S. Schwartz
                                              ksschwartz@jonesday.com
                                              JONES DAY
                                              555 California Street, Suite 2600
                                              San Francisco, CA 94104
                                              Telephone: (415) 626-3939

                                              Michael E. Jones
                                              Texas Bar No. 10929400
                                              mikejones@potterminton.com
                                              POTTER MINTON
                                              110 N. College, Suite 500
                                              Tyler, Texas 75702

                                              **Attorneys for Defendants HUAWEI
                                              DEVICE USA, INC., HUAWEI DEVICE
                                              (SHENZHEN) CO., LTD., AND HUAWEI
                                              DEVICE CO., LTD.**